**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **SAMUEL RODRIGUEZ,** | § | |
| **individually and on behalf** | § | |
| **of all others similarly situated,** | § | **CLASS ACTION COMPLAINT** |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2:25-CV-1268** |
| **vs.** | § | |
| | § | |
| **CARON TRANSPORTATION** | § | |
| **SYSTEMS USA, INC.** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Samuel Rodriguez ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Caron Transportation Systems USA, Inc. ("Caron" or "Defendant"), as follows:

## I. PRELIMINARY STATEMENT

1. Caron was the employer of Plaintiff and others similarly situated. Plaintiff worked on several occasions as a truck driver for Caron, including six months in 2025. During his employment, Plaintiff regularly worked approximately 65–70 hours per week and was paid on an hourly basis with an additional "hitch incentive," but was not paid one-and-one-half times his regular rate of pay for hours worked in excess of forty in a workweek. Caron employs a large number of other truck drivers who are compensated in the same manner. Plaintiff and many other truck drivers regularly worked more than forty hours in a workweek within the State of New

Mexico, yet were denied overtime compensation in violation of the New Mexico Minimum Wage Act ("NMMWA").

2. Caron has violated and continues to violate the NMMWA by failing to pay Plaintiff and other truck drivers overtime at the legally required rate. Plaintiff, individually and on behalf of all other truck drivers, brings this class action lawsuit to recover overtime pay and all other available remedies under the NMMWA.

3. This class action consists of:

> **ALL TRUCK DRIVERS FROM JULY 21, 2013 UNTIL THE PRESENT WHO (1) WORKED OVER 40 HOURS IN AT LEAST ONE WORKWEEK IN NEW MEXICO AND (2) WERE NOT PAID ONE-AND-A-HALF TIMES THEIR REGULAR RATE OF PAY FOR EACH HOUR WORKED ABOVE 40 IN A WEEK.**[1]

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. Caron is a Delaware corporation with its principal place of business in Alberta, Canada. Caron may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

---

[1] Members of this proposed class will hereinafter be referred to as the "Class Members." The period covered by the NMMWA class action is pled as it is because Caron began operations on July 31, 2013 (according to its filings with the Texas Secretary of State) and, on information and belief, at that time began denying its truck drivers overtime pay and did so continuously until the present date. Under the New Mexico Minimum Wage Act, "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA).

## III. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1332(d). Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states; those requirements are satisfied here because the parties are completely diverse and the amount in controversy exceeds $75,000, with Plaintiff being a citizen of Texas and Defendant being a Delaware corporation with its principal place of business in Alberta, Canada. The Court also has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (1) this is a proposed class action in which minimal diversity exists—at least one class member is a citizen of a state different from Defendant; (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) there are, on information and belief, at least 100 putative class members.

7. This Court has personal jurisdiction over Caron because it conducts and has conducted a significant amount of business in New Mexico and has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiff and the other class members performed a substantial amount of work for Defendant as described herein in the Permian Basin, specifically

in the New Mexico counties of Eddy and Lea (and possibly others), which are located in this judicial district.

## IV. NMMWA COVERAGE FACTS

9. At all relevant times, Caron acted as an employer or joint employer within the meaning of the NMMWA, including NMSA 1978, § 50-4-21(B), with respect to Plaintiff and the other Class Members. Caron exercised control over the terms and conditions of their employment, including responsibility for decisions regarding wages, job duties, work locations, hours worked, and compensation policies applicable to Plaintiff and the other Class Members.

10. At all relevant times, Plaintiff and the Class Members constituted individual "employees" as that term is understood under the NMMWA.

11. At all relevant times, Plaintiff and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiffs' job assignment moved goods into and through the stream of commerce and such goods were shipped and sold across the United States. Moreover, Plaintiff, in the performance of his job duties while working for Caron, regularly used instrumentalities of interstate commerce such as his cell phone and e-mail to communicate with others at Caron. Other Class Members similarly used instrumentalities of interstate commerce while working for Caron.

## V. FACTUAL BACKGROUND

12. Caron is a large, privately owned trucking company. It primarily serves clients the oil and gas industry. According to information on file with the U.S. Department of Transportation, it currently has seventy-three power units in operation. Caron has contracted with Certarus to deliver natural gas via truckload to remote oil and gas drilling sites. This natural gas

is used fordrilling operations at these drilling sites. Plaintiff and the other Class Members were hired as truck drivers to deliver this natural gas.

13. Plaintiff worked for Caron multiple times over the past several years, most recently from December 2022 through August 2024, and again from June 2025 through December 2025. Plaintiff was paid hourly plus a "hitch incentive" and a "living bonus." Plaintiff was not paid one-and-a-half times his regular rate of pay for each hour worked above forty in a week. Other Class Members were also paid the same way and were also denied overtime pay. Plaintiff regularly worked more than 40 hours in a week in New Mexico on several occasions during his time with Defendant. Other class members regularly worked more than 40 hours in a week in New Mexico.

14. No exemption or exception excuses Defendant from paying Plaintiff and Class Members overtime rates under the NMMWA.

15. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. NEW MEXICO CLASS ACTION ALLEGATIONS

16. Plaintiff incorporates all allegations previously made in this Complaint.

17. Plaintiff brings this class action on behalf of the respective Class Members.

18. The Class Members are so numerous that their joinder is impracticable.

19. While the precise number of the Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek performing more than 40 hours

of work in a workweek in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

20. Plaintiffs' claims are typical of the Class Members.

21. Plaintiffs and the Class Members were classified as non-exempt from overtime.

22. The primary job duties of Plaintiffs and the Class Members consisted of non-exempt work.

23. Plaintiffs and the Class Members were not paid a guaranteed salary each week, but instead received hourly rate pay, with a "hitch incentive" and other compensation.

24. Plaintiffs and the Class Members each worked more than forty (40) hours in New Mexico in at least one workweek for Defendant during the continuing course of conduct.

25. Plaintiffs and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

26. Common questions of law and fact for the Class Members predominate over any questions affecting any individual member, including:

a. Whether Defendant's Hourly Rate Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

b. The proper measure of damages of the Class Members; and

c. Whether Defendant should be enjoined for such violations in the future.

27. As a result, Plaintiff will fairly and adequately protect the Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

28. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

29. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Class Members to the extent required by Fed. R. Civ. 23(c).

## IX. CAUSE OF ACTION - VIOLATION OF THE NMMWA

30. Plaintiff incorporates all allegations previously made in this Complaint.

31. Plaintiff asserts this claim individually and on behalf of the Class Members. Plaintiff and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). Defendant has violated the NMMWA by employing employees and regularly and repeatedly failing to pay Plaintiff and the Class Members for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Class Members are entitled to their unpaid wages, treble and/or liquidated damages, all costs and litigation expenses, including expert witness fees, and all attorneys' fees that are recoverable under the NMMWA, along with pre- and post-judgment interest at the highest rate allowed by law.

33. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct, regardless of the date on which they occurred.

## X. RELIEF SOUGHT

Plaintiff prays for the following relief against Defendant on an individual basis and on a representative basis on behalf of others similarly situated:

a. For an Order certifying the proposed NMMWA class as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b. For an Order awarding Plaintiff and the Class Members all unpaid wages, treble damages, prejudgment interest, and all available penalties wages under NMMWA;

c. For an Order awarding Plaintiff and the Class Members pre- judgment and post-judgment interest at the highest rates allowed by law; and

d. For all costs and attorneys' fees incurred prosecuting these claims, as allowed by state and federal law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532
Admitted to the New Mexico Federal Bar
Borsellino, P.C.
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF AND THOSE SIMILARLY SITUATED**